

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| THOMPSON INDUSTRIAL SERVICES, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:24-2809-MGL |
| | § | |
| DAVID WIGGIN, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

## I.     INTRODUCTION

Plaintiff Thompson Industrial Services, LLC (Thompson) filed this civil action against its former employee, Defendant David Wiggin (Wiggin), in the Sumter County Court of Common Pleas.  Thompson claims Wiggin breached his employment agreement, which contains a forum-selection clause designating the Sumter County Court of Common Pleas as the sole and exclusive venue for disputes between the parties.  Wiggin removed the case to this Court, contending it has jurisdiction under 28 U.S.C. § 1332.

Pending before the Court is Thompson's motion to remand and request for attorney's fees. Having carefully considered the motion and request, the response, the reply, the record, and the applicable law, it is the judgment of the Court Thompson's motion will be granted, but its request for attorney's fees and costs will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Thompson, a citizen of Delaware and Massachusetts, provides industrial cleaning and maintenance services to customers throughout the United States. Thompson is headquartered in Sumter, South Carolina, and one of its customers operates a steel mill in Stinton, Texas (the Stinton Mill).

In 2022, Thompson hired Wiggin, a citizen of Texas, to serve as Thompson's site manager at the Stinton Mill. Upon hiring, Wiggin entered an Employment Agreement and Protective Covenants (the Agreement) with Thompson. As is relevant here, the Agreement prohibits Wiggin from unfairly competing with Thompson and soliciting its customers for eighteen months, and it forbids Wiggin from soliciting certain employees of Thompson for twelve months. Additionally, the Agreement contains a forum-selection clause, which states:

> The parties agree that the Sumter County Court of Common Pleas in the state of South Carolina shall be the sole and exclusive jurisdiction and venue for all disputes between the parties under this Agreement. [Wiggin] hereby irrevocably consents to the jurisdiction and venue of this court for adjudication of all disputes between the parties under this Agreement and waives any objections or defenses to jurisdiction or venue in any such proceeding.

Complaint at Ex. 1.

In 2024, Wiggin resigned from Thompson and began working at the Stinton Mill for Thompson's direct competitor, StreamTech, Inc. (StreamTech). One month later, Thompson filed this breach of contract action in the Sumter County Court of Common Pleas, seeking injunctive relief, as well as actual and punitive damages. Thompson alleges Wiggin breached the Agreement by working for StreamTech, soliciting Thompson's customers and employees, and disclosing Thompson's confidential and proprietary business information.

Wiggin removed the matter to this Court, upon which Thompson filed a motion to remand. Wiggin responded, and Thompson replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. "Except as otherwise expressly provided by Act of Congress," defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" *Id.* § 1332(a)(1).

"Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.* (citations omitted).

When considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163 (5th Cir. 1988).

IV.     **DISCUSSION AND ANALYSIS**

A.     *Whether the Court should remand this case*

Thompson argues Wiggin "waived his right to remove this action through the express language of the . . . Agreement," and "[n]one of [the viable] grounds for unenforceability of the forum selection clause . . . exists." Thompson's Motion at 4.

Wiggin, on the other hand, asserts "he did not knowingly waive his right to remove this lawsuit to federal court because he was unaware that the fine print in the [Agreement] contained a forum selection provision." Wiggin's Response at 1. Alternatively, Wiggin contends the forum-selection clause "is unenforceable as a matter of federal law." *Id.* The Court will consider each argument in turn.

1.     *Whether Wiggin waived his right to remove*

"[A]n enforceable forum-selection clause essentially operates as an affirmative defense to removal[.]" *Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018). In other words, "subject-matter jurisdiction exists, but the forum-selection clause effects a waiver of the defendant's right to ask the court to exercise that jurisdiction." *Id.* "[G]iven the manner in which a forum-selection clause operates in the removal context, . . . the plaintiff must bear the burden of demonstrating . . . the defendant waived [his] right to remove an otherwise removable case by agreeing to a forum-selection clause." *Id.* The plaintiff must do so by a preponderance of the evidence. *See Coronet Foods, Inc. v. Nat'l Lab. Rels. Bd.*, 158 F.3d 782, 788 (4th Cir. 1998).

Here, Wiggin submitted with his notice of removal a declaration stating he "was never aware that there was a . . . forum selection provision in the [Agreement] . . . ." Wiggin's Declaration ¶ 4. Wiggin concedes he received email from Mark Lee (Lee), Thompson's Regional Director, on January 21, 2022, with an eight-page attachment. The attachment consisted of a two-

page offer letter and six-page Agreement.  Wiggin states he read the offer letter but failed to notice the Agreement.  Wiggin avers he verbally notified Lee of his acceptance.  And, "[a]s [Wiggin] recall[s], after [he] had been working for Thompson for a few weeks," *id.* ¶ 13, he was instructed to sign and backdate two signature pages.

Wiggin "do[es] not believe that [he] received anything other than the two pages to sign and backdate." *Id.*  Wiggin claims he "did not understand that by signing and backdating the two pages that [he] was . . . agreeing that any disputes between Thompson and [him] had to be litigated in state court in South Carolina." *Id.*  But, Wiggin admits he "never read these fine printed pages until after [he] was sued." *Id.* ¶ 12.

Responding to Wiggin's assertions, Thompson incorporates the arguments made in its memorandum in opposition to Wiggin's motion to dismiss, which remains pending.  Thompson emphasizes Wiggin admits he signed the Agreement in his declaration, and Wiggin received "a full and complete copy of the [A]greement before affixing his signature to it."  Thompson's Response to Motion to Dismiss at 6.  Nor does Wiggin "allege that he made any effort to contact Thompson and request the remainder of the contract before executing it." *Id.* at 7.

Attached to Thompson's memorandum is a declaration from Lee.  Lee attests he emailed the offer letter and Agreement to Wiggin on January 21, 2022.  Then, on January 25, 2022, an individual named Kenna Wiggin emailed Lee a copy of the signed documents, with Wiggin copied on the email.  Both the offer letter and Agreement were dated January 25, 2022.  Lee maintains Wiggin's "agreement to the provisions of the [o]ffer [l]etter and [Agreement] were a condition of [his] hire and employment with Thompson.  But for his signature and agreement to both documents and the terms contained therein, Thompson would not have hired . . . Wiggin."  Lee's Declaration ¶ 9.

Under South Carolina law, "[a] person who signs a contract or other written document cannot avoid the effect of the document by claiming he did not read it." *Regions Bank v. Schmauch*, 582 S.E.2d 432, 440 (S.C. Ct. App. 2003) (citations omitted). Rather, "[a] person signing a document is responsible for reading the document and making sure of its contents." *Id.* And, "[e]very contracting party owes a duty to the other party to the contract and to the public to learn the contents of a document before he signs it." *Id.*

"This rule is subject to the exception that if the party is ignorant and unwary, his failure to read the document may be excused." *Burwell v. S.C. Nat'l Bank*, 340 S.E.2d 786, 789 (S.C. 1986). But, the exception should be "very strictly construe[d] . . . ." *Regions Bank*, 582 S.E.2d at 440 (citations omitted). And, "[i]n determining whether a party can be classified as ignorant and unwary, an individual's education, business experience[,] and intelligence are all considered." *Id.* (citations omitted).

Here, Wiggin emphasizes he has a high school education and has never before executed an employment agreement with a forum-selection clause. But, Wiggin has worked in the industrial cleaning business for forty years and has clearly developed a knack for his work, which ultimately resulted in him obtaining a managerial position at Thompson and later StreamTech.

Indeed, Wiggin is much more educated, experienced, and intelligent than those individuals South Carolina courts have previously excused of the duty to review a document before signing it. *See, e.g.*, *Austin v. Indep. Life & Accident Ins. Co.*, 370 S.E.2d 918, 921 (S.C. Ct. App. 1988) (applying the exception to a fifty-two-year-old sharecropper who lacked a formal education where the opposing party knew she was unable to read or write); *Parks v. Morris Homes Corp.*, 141 S.E.2d 129, 132 (S.C. 1965) (applying the exception to a widowed mother of six with a third grade education who could read "very little" and had limited business experience).

Wiggin is more akin to those the courts have held the exception to be inapplicable. *See, e.g., Parnell v. United Am. Ins. Co.*, 142 S.E.2d 204, 207 (S.C. 1965) (rejecting the exception where a forty-three-year-old with a tenth grade education formerly worked as a textile worker and presently worked as a sales representative); *Gilford v. S.C. Nat'l Bank*, 186 S.E.2d 258, 262 (S.C. 1972) (rejecting the exception where a man was unable to read and write but nevertheless was an able businessman with thirty years of employment at General Motors). Accordingly, the Court concludes Wiggin is neither ignorant nor unwary, and his failure to read the Agreement is inexcusable.

The Court is convinced Thompson has proven by a preponderance of the evidence Wiggin waived his right to remove this case by agreeing to the forum-selection clause.

Here is why: Wiggin received the Agreement from Lee on January 21, 2022. Kenna Wiggin returned a signed copy on January 25, 2022. Thus, Wiggin had four days to fully review the Agreement, which clearly contains a forum-selection clause. Moreover, Wiggin was copied on the email in which Kenna Wiggin returned the signed Agreement to Lee. Nevertheless, Wiggin claims he failed to read the Agreement until this lawsuit was filed. But, under South Carolina law, Wiggin is bound by the Agreement, including its forum-selection clause.

For all these reasons, the Court determines Thompson has proven by a preponderance of the evidence Wiggin waived his right to remove this case by agreeing to the forum-selection clause.

### 2.    *Whether the forum-selection clause is unenforceable*

Under federal law, forum-selection clauses "are prima facie valid[.]" *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). !"But the presumption of enforceability that forum selection . . . provisions enjoy is not absolute and, therefore, may be overcome by a clear showing that they are unreasonable under the circumstances." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (internal quotation marks omitted) (quoting *Bremen*, 407 U.S. at 10).

7

Specifically, a forum-selection clause may be deemed unreasonable if

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

*Id.* (internal quotation marks omitted).  Wiggin hangs his hat on the second and third factors, so the Court will consider only these factors in determining whether he has clearly shown the forum-selection clause is unenforceable.

### a.    *Whether Wiggin, for all practical purposes, will be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum*

Wiggin contends it would be gravely inconvenient and unfair for the Court to enforce the forum-selection clause because (1) the witnesses he needs to defend against Thompson's claim and purse his counterclaims fall outside the state court's subpoena power and (2) he is unable to personally cover the legal expenses that would be incurred from litigating this matter in South Carolina.  The Court is unpersuaded.

Assuming Wiggin intends to subpoena witnesses who live in Texas, Texas Rule of Civil Procedure 201.2 provides, "If a court of record of any other state . . . issues a mandate, writ, or commission that requires a witness's oral or written deposition testimony in this State, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State."  Thus, by obtaining a mandate, writ, or commission from the Sumter County Court of Common Pleas, Wiggin will be able to compel witness testimony the same way he could as if this case were brought in Texas.

Moreover, financial inability to litigate in South Carolina alone is insufficient to satisfy Wiggin's "heavy burden" of proving a trial in the Sumter County Court of Common Pleas "will be so manifestly and gravely inconvenient to [him] that it will be effectively deprived of a

meaningful day in court[.]" *Bremen*, 407 U.S. at 19; *see, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594 (1991) (reversing the court of appeals' determination a forum-selection clause was invalid simply because evidence indicated Washington citizens were physically and financially unable to litigate in Florida). Indeed, Wiggin ambiguously states he would be unable to cover the legal expenses of litigating in South Carolina, but he fails to specify how such litigation would be unduly burdensome. Further, he neglects to posit he would encounter any greater inconvenience or unfairness than that faced by every party required to defend against out-of-state litigation.

Wiggin contends "travel will be inevitable regardless of the venue" because Thompson is "owned by a nationwide company that is neither incorporated[] nor has its principal place of business[] in South Carolina." Wiggin's Response at 8. But, this contention is erroneous. Thompson is apparently a subsidiary of Clean Harbors, Inc. (Clean Harbors), a Massachusetts corporation that has its principal place of business in Massachusetts. But, this action is brought by Thompson rather than Clean Harbors. And, Thompson's headquarters are in Sumter—the very forum the clause designates. Indeed, Wiggin's company computer, pay, and benefits all came from Sumter. Lee Declaration ¶¶ 14, 16.

For all these reasons, the Court is unconvinced Wiggin has made "a clear showing . . . [the forum selection clause in the Agreement is] unreasonable under the circumstances." *Allen*, 94 F.3d at 928 (internal quotation marks omitted) (quoting *Bremen*, 407 U.S. at 10).

### b.    *Whether the fundamental unfairness of South Carolina law will deprive Wiggin of a remedy*

Wiggin also asserts it would be fundamentally unfair to enforce the forum-selection clause because the South Carolina Door-Closing Statute, S.C. Code Ann. § 15-5-150, precludes him from asserting compulsory counterclaims against Thompson for unpaid compensation. But, the Door-

Closing Statute applies to "corporation[s] created by or under the laws of any other state," *id.*, and Thompson is a limited liability company. So, the Court is unpersuaded this statute would deprive Wiggin of any remedy.

*****

For all these reasons, the Court concludes Wiggin has neglected to clearly show the forum-selection clause is unenforceable under federal law. The Court will therefore grant Thompson's motion to remand.

### B.     Whether the Court should grant Thompson's request for attorney's fees and costs

Thompson posits Wiggin removed this case "solely in an attempt to delay its ability to obtain a temporary restraining order and injunctive relief and to cause Thompson to incur additional fees to pursue its valid claims." Thompson's Motion at 4. Wiggin fails to offer any argument in response, instead summarily stating the Court is unable to award attorney's fees and costs because remand is inappropriate.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Where a district court remands a case "because it conclude[s] that the forum-selection clause effected a waiver of the defendant['s] right to remove the case to federal court[,]" the removal is not "based on lack of subject-matter jurisdiction or on a timely raised defect in the removal procedure." *Bartels*, 880 F.3d at 673. Indeed, "[i]t is well established that a remand

10

pursuant to a forum selection clause does not fall within the reasons for remand listed in § 1447(c)." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015); *see also FindWhere Holdings, Inc. v. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) ("The general prohibition of section 1447(d) extends only to remand orders based on a lack of subject matter jurisdiction or a timely raised defect in removal procedure."). The Court is therefore unable to "award fees under § 1447(c) based on a defective removal." *Med. Assocs. of Erie v. Zaycosky*, 77 F.4th 159, 164 (3d Cir. 2023).

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Thompson's motion to remand is **GRANTED**, but its request for attorney's fees and costs is **DENIED**.

**IT IS SO ORDERED.**

Signed this 27th day of March 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE